The next case on for argument is Bletsas v. Commissioner of Internal Revenue. Frank Agostino, and I represent the appellant Kathy Bletsas. This is an appeal from the United States Tax Court's grant of summary judgment to the Commissioner of Internal Revenue Service in a collection due process case brought pursuant to Title 26 U.S.C. Section 6320 and 6330. Collection due process case is Can you summarize what the question is after it's gone through the various procedures it's already, once it's gone through the various is the question before us to decide? How much are we dealing with in each one? What happened and what are you asking us to do about it? What happened is the tax court granted summary judgment on an appeals office determination that really did not provide the facts. What are we talking about? Filing of a federal tax story. Tell me the story in two sentences. The story is the Internal Revenue Service filed a notice of federal tax lien against Ms. Bletsas and all her assets. The taxpayer. This is basically about the appeal is basically about the propriety of that tax lien. That's really what we're talking about. Correct. I wanted to know. So at the collection due process hearing there were two real issues in dispute. One, did the government obtain verification from the secretary or did they verify that any applicable law or administrative procedures were met? That's under 6330C1. Second, did the determination, did the IRS Office of Appeals evaluate whether the proposed collection action, which is the filing of the notice of lien, balance the efficient collection of the tax, right? The government has a right to the efficient collection of tax, with the legitimate concern of the person that collection action be no more intrusive than necessary. So how do you bring this up? So you file and what we filed is the request for collection due process appeal. That's in A45 and then it was supplemented in A138. So in those documents the taxpayer sets forth, one, what procedures we do not believe that the government followed. And two, why the collection action, the filing of the lien, does not balance the need for the efficient collection of the tax and the legitimate concern. Let me ask you to focus on why summary judgment shouldn't be granted with respect to procedure. You raised this issue regarding the form 4183. It was referenced in the ICS history transcript that there was approval from a supervisor and then they provided the form to the court. So there's no issue there, right? No, of course there's an issue there because the one, I mean, we go back to the determination. The determination was at, was provided like what issues did we raise? And the government essentially said that one, the boilerplate, it said they complied with everything. So they never addressed the 4183 issue or any of the other issues. So what the tax court does is review the determination of the appeals office. So if it's not in the determination, right, there was nothing to review. Is there any dispute that the review officer had the ICS history transcript at the time that the determination was made? There's no dispute about that. Well, there is because they, it wasn't referred to here. And what ended up happening is. Meaning where? I mean, in the determination itself. And then what happened afterwards? Is that a requirement? No, the requirement in the statute is that the appeals officer review our, the taxpayers' complaints. And then. Why is it in, I'm trying to follow up, I think, on Judge Bianco's line of questioning because I have the same one. What's in dispute about that? 6330 says that the tax court will review. What is factually in dispute about that? When the initial determination was made. If you see what happened in the tax court, it wasn't referred to. The judge said, let me see it. So what they have is an unsigned 4183, and they then also, but then they have a declaration from the supervisor saying, I approved it on a certain date. But the ICS history transcript, so there was no cross-examination as to when the initial determination was made. This is a very factual issue. I mean, this court in a case called Che said the determination has to be made at a time when it's meaningful, right, when you can argue against it, not as a bargaining chip. The date of the initial determination, looking at the ICS history transcript that was later provided, suggests that the initial determination could have been made much earlier than the November date. So we would have wanted the facts in dispute. We should have been able to cross-examine the supervisor who provided the affidavit as to when. Let me ask you to go to your second point. Yes. The abuse of discretion issue regarding the decision itself. Obviously, the law is you balance the need, the government's interests versus any unfair economic hardship, right? Yes. The law is the government can go after both the individual, the responsible person and the company, correct? They can. Okay. So what evidence was presented by your client with regard to economic hardship in the CDP hearing or at any point? What evidence was there of economic hardship? We proffered that they're unable to obtain bonding and that it was affecting the income of the business. And that's how she makes her living. So that was proffered through the Paul Tong throughout the administrative part of the case before it went to the CDP. And then it's also included in our submissions on the CDP. So in the tax court, we were not allowed to present any evidence or call any witnesses on the issue. They did not present a collection alternative saying that you should go after the company. It's not really a collection. Well, one, we've indicated that, yes, it is. I mean, one, the balancing test. Did the installment agreement of the company provide for the efficient collection of taxes? By definition, it did. Because the government accepted that installment agreement. And then with respect to should any more money be required. The company defaults on the installment agreement. What's the government supposed to do then? Our offer on that was if they miss one payment, then you snap the lien on. But that the lien is actually counterproductive. It's not part of the government's legitimate interest because to the extent there's a lien. Can't they dispose of the property before you'd have the opportunity to do that? What property? In that case, that's why you have to look at the findings of fact. And they didn't make any findings. They, in essence, said that we did not offer a collection alternative. But by definition, they decided that no additional amount was needed from Kathy Pletsis individually. So they're satisfied that on the financial information she couldn't pay more than they were paying. But they did not go to the second test. And there's nothing to review. By your definition of collection alternative, they'd never be able to go against the individual if they had some type of agreement with the company. Because by your definition of collection alternative, if you have a deal with the company, that's the alternative. No. What we're saying by our definition is they have to give the reasons for the balancing. And then the court is allowed to review it on an abuse of discretion standard. Here, if we look at the determination, it said that we didn't raise a collection alternative. By contrast, if you read our submissions, we did. The failure to consider our request was the abuse of discretion. There was nothing for the tax court to review. So that's why we have a post hoc rationalization. Let's find a reason why this is reasonable. And that's exactly what collection due process hearings were meant to avoid. Our proposal was that if the company misses a payment, then you snap on the lien. But until then, the legitimate interest of the government is served by taking the money, monitoring it, and if we miss a payment, then put on the lien. That would be the efficient collection of the taxes. Now, on summary judgment, taking the facts in the light most favorable to the nonmoving party, the court should have denied summary judgment. And then we would have put on the evidence of the taxpayers, why they believe it's a hardship. And then the government could have put on their person on our analysis of their financials suggest that it wouldn't be a hardship. But on summary judgment, the court, one, took the facts in the light most favorable to the government. Two, they put together reasons for sustaining the lien that are not in the determination. That violates every principle of administrative law. Thank you, Mr. Agostino. Thank you very much. You have reserved two minutes for rebuttal. Ms. Gregory. May it please the Court. I'm Karen Gregory for the Commissioner of Internal Revenue. The administrative record reviewed by the tax court supports the lien notice filing. For that reason, as we explained in the Commissioner's brief, this court should affirm the tax court's decision. As a matter of law under Section 6323 of the Internal Revenue Code, a lien notice filing is required to establish the priority of the Treasury's claim against the competing creditors identified in that statute. Ms. Bledsoe provided no evidence to the appeals officer to support withdrawal of the lien notice. Her arguments presented to this court also provide no basis for withdrawing the lien notice. The lien notice has a basis in law and fact, and therefore, this court should uphold it. Do you have any questions for the Commissioner? No. As the court has no questions, we will rest on the briefs. Thank you. You should affirm the tax court. Thank you. Just briefly, to rebut, the collection due process procedures are to ensure that all of the procedures and that so that's the procedural due process and the substantive due process are put in place before the government takes what is called levy and lien. All right. On levy. Let's do a lien notice first, which is what Ms. Gregory was talking about. The lien notice first. Before you file a lien against someone's property. You give them notice via a lien notice. Well, there's no. The IRA, the code requires a lot more than that because it's such a serious step and it destroys your credit rating. So, one, there's the 6751B memo, right, that did the supervisor approve the assessment of this penalty? Was the initial determination approved? That was not verified at the collection due process hearing and there were facts in dispute as to whether that happened. Then, two, what the court rejected, when the initial determination was made and when the supervisor signed it, right? The 4183 is not signed. The supervisor gave an affidavit saying that I signed it around November, but then the ICS history transcript suggests that the initial determination was made in July. The initial determination, the signature has to be before the initial determination. So, there's facts in dispute as to when the initial determination was made. Then the tax court said harmless error, the failure to advise counsel. Once it becomes a collection action, Section 6304, which embodies the right to representation, says that the taxpayer's representative gets every one of these notices, right, the notice in demand. Without a notice in demand, the lien is void because it's a statutory condition proceeding. So, the tax court said, well, failure to give a taxpayer the right to counsel is a harmless error. Collection due process is about procedure, procedural and substantive. So, that holding by itself is an error of law. Now, how could you have a harmless error if Congress put in the statute that the first thing the IRS is supposed to do is verify that all the procedural steps were done? And they may think that not telling the lawyer is a harmless error, but when you're dealing with taxpayers and time sensitive notices, whether the taxpayer knows to send it to the lawyer or believes they're getting it to the lawyer, even that failure was a mistake of law on the tax court. So, and then all of the notices after that. They, sending the notice to the last known address affects the interest computation. That wasn't verified, even though we asked for it clearly in both the CDP hearing request and the supplement. They were ignored in the determination, and therefore, they were not reviewed by the court. So, we have a basic problem with the determination. How could the tax court review the facts that were not set forth or arguments that were not commented by the tax court? The case should go back. The fact finding should always be done by the agency. The determination should be written in a way that there is something for the tax court to review, because otherwise, what happens is what happened here. We had a post hoc rationalization. It seemed like the lien was reasonable, so we're scouring the record to find something for it. But on summary judgment, that's not what should have been done. We should have had an evidentiary hearing. Thank you very much. Thank you both. We'll reserve decision in this case.